Mary L. HELMS, individually and as next friend of Amy T. Helms; Amy T. Helms, a minor; Marie L. Schneider, Plaintiffs–Appellants–Cross–Appellees–Appellees,

v.

Cecil J. PICARD, Louisiana Superintendent of Public Education; Kenneth Duncan, Louisiana State Treasurer; Louisiana State Board of Elementary and Secondary Education; Jefferson Parish School Board System; Elton Lagasse, Superintendent of the Jefferson Parish School System; Laurie E. Rolling, President and member of the Jefferson Parish School Board; Libby Moran, Vice President and member of the Jefferson Parish School Board; Robert Wolfe, member of the Jefferson Parish School Board; Barry Bordelon, member of the Jefferson Parish School Board; O.H. Guidry, member of the Jefferson Parish School Board; Cedric Floyd, member of the Jefferson Parish School Board; Polly Thomas, member of the Jefferson Parish School Board; Gene Katsanis, member of the Jefferson Parish School Board; Martin Marino, member of the Jefferson Parish School Board, Defendants–Appellees–Cross–Appellants,

and

Richard W. Riley, Secretary of the United States Department of Education; United States Department of Education, Defendants–Appellees,

and

Special Education Services Corporation, Defendant–Appellant,

and

Guy Mitchell; Jan Mitchell; Claire Friedrichs, Eddie Greer, Colleen Greer, Dennis Thornton, Darlene Thornton, Intervenor Defendants–Appellees–Cross–Appellants.

No. 97–30231.

United States Court of Appeals, Fifth Circuit.

Sept. 27, 2000.

Lee Boothby (argued), Boothby & Yingst, Washington, DC, for Mary and Amy Helms and Marie Schneider.

Patricia Ann Dean, Andrew Tanner Karron (argued), Arnold & Porter, Washington, DC, Arthur Gregory Grimsal, Gordon, Arata, McCollam, Duplantis & Eagan, New Orleans, LA, for Guy and Jan Mitchell, Claire Friedrichs, Eddie and Colleen Greer, and Dennis and Darlene Thornton.

Howard S. Scher, Matthew Miles Collette (argued), Civ. Div., App. Staff, Drake Stephen Cutini, U.S. Dept. of Justice, Washington, DC, for Riley and United States Dept. of Educ.

Jack A. Grant, Andree Hunter Greenleaf, Grant & Barrow, Gretna, LA, for Lagasse, Rolling, Moran, Wolfe, Bordelon, Guidry, Floyd, Thomas, Katsanis, Marino and Jefferson Parish Sch. Bd.

David Glen Sanders, Asst. Atty. Gen., Louisiana Dept. of Justice, Div. of Litigation, Baton Rouge, LA, for Picard, Duncan and Louisiana State Bd. of Elementary and Secondary Educ.

**468**

Marshall Beil, Catherine A. Rogers, Ross & Hardies, New York City, for National Committee for Public Educ. and Religious Liberty, Amicus Curiae.

Marjorie Ruth Esman, New Orleans, LA, Kenneth M. Dreifach, Morrison & Foerster, New York City, for The American Civil Liberties Union and Anti-Defamation League, Amicus Curiae.

Thomas A. Rayer, Denechaud & Denechaud, New Orleans, LA, for Special Educ. Services Corp.

Before DUHÉ, BENAVIDES and STEWART, Circuit Judges.

DUHÉ, Circuit Judge:

This case is before us on remand from the Supreme Court. *Guy Mitchell v. Mary Helms*, 530 U.S. ——, 120 S.Ct. 2530, 147 L.Ed.2d 660 (2000). The Supreme Court reversed our judgment and held that 20 U.S.C. §§ 7301–7303, as applied in Jefferson Parish, is constitutional. By necessary inference, this also reversed our holding that the Louisiana counterpart of that statute, La. Rev.Stat.Ann. §§ 17:351–352, was also unconstitutional as applied in Jefferson Parish. Although it vacated our judgment in its entirety, The High Court did not address the other issues decided by us. *Helms v. Picard*, 151 F.3d 347 (1998).

Accordingly:

We REINSTATE OUR JUDGMENT in favor of Defendants declaring the Louisiana special education program, La.Rev. Stat.Ann. § 17:1941–1956, constitutional as applied in Jefferson Parish.

We REINSTATE OUR JUDGMENT affirming the District Court's decision in favor of defendants that the transportation payments to the Jefferson Non–Public School Transportation Corporation, by virtue of La.Rev.Stat.Ann. § 17:158 are constitutional.

We RENDER JUDGMENT in favor of Defendants declaring that the Federal instructional materials program, 20 U.S.C. §§ 7301–7373, and its Louisiana counterpart, La.Rev.Stat.Ann. §§ 17:351–52, are constitutional as applied in Jefferson Parish.

JUDGMENT RENDERED.